UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 MAY 27 A 11: 56
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES OF AMERICA,
    Plaintiff

v.      CRIM NO. 3:00CR115(JCH)

VINCENT WHITELY
    Defendant

## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE SENTENCE

VINCENT WHITELY, defendant in the above-captioned action, respectfully requests this Court to reconsider its recent order denying his petition to vacate his sentence pursuant to Title 28, U.S.C., § 2255. In support thereof, defendant represents as follows:

Factual Background

1. On June 8, 2001, this court sentenced defendant to a term of imprisonment of 96 months following his plea of guilty to count 2 of the indictment alleging violations of Title 18, U.S.C. § 1029 (a) (2) and § 2. Defendant is presently serving that sentence at the Federal Correctional Institution located in Loretto, Pennsylvania.

2. Following an unsuccessful appeal, defendant, acting pro se, challenged his conviction on various grounds and moved to vacate his sentence. The Court reviewed the petition and appointed the undersigned attorney to represent defendant in the prosecution of his claims.

Reasons for Delay

3. Because defendant has been and continues to be incarcerated out-of-state and has been moved to different institutions within the Bureau of Prisons,

communications between him and his new attorney have been difficult. In addition, in order to render effective assistance of counsel and to properly present defendant's claims, it was necessary to obtain medical records relating to defendant's physical and mental condition at or about the time of sentencing, and to discuss same with his treating physician, who was no longer employed by the State Department of Corrections.

4. Further delay occurred when counsel decided to not to file an amended petition until the Supreme Court's issued its opinion in U.S. v. Booker, 125 S. CT 738 (2005), which was decided on January 12, 2005.

5. Although this Court made certain findings of fact at defendant's sentencing that might be subject to challenge under the legal principles enunciated in Booker/Fanfan, it was only recently decided by the Second Circuit that Booker does not apply to cases on collateral review on the date of the decision. Guzman v. U.S., (2d. Cir. Dki No. 03-244605, 418105)

## Work done on Defendant's Behalf

6. Counsel for defendant has done a fair amount of work on defendant's behalf. In addition to discussions with defendant's prior counsel, obtaining and reviewing medical records, reviewing the sentencing transcript, defendant's Presentence Report and doing legal research regarding issues raised in this matter, counsel met with Dr. Cecil-Dedios in February '05 to discuss defendant's mental health at or about the time of sentencing. Dedios was his treating physician at Garner Correctional Center; where defendant was held during the time of his plea and sentence.

## Defendant's Mental Health

7. As the attached excerpts from defendant's medical records make clear, defendant has suffered and continues to suffer significant mental problems. From a diagnosis of "psychotic disorder n.o.s." (bi-polar disease) in January

2000 to apparently "clearer thinking" on June 6, 2001 2 days before sentencing, the record is replete with evidence of defendant's periodic wide mood swings, delusional thinking and hallucinations.

8. In order to determine the severity and duration of defendant's mental health issues, counsel was attempting to obtain other medical records, including those from Wheeler Clinic in Meriden, CT where defendant was treated in 1998 or 1999, when this Court filed its decision denying defendant's claims for habeas corpus relief. The order was entered without notice or warning to his court appointed attorney that the Court was about to rule solely on the basis of defendant's pro so petition and the Government's response.

The Court's Decision

9. Defendant does not challenge the Court's conclusion that his plea of guilty was voluntarily entered, but he does object to the Court's flat rejection of his claim of ineffective assistance of counsel. Whether the mental health issues raised by his medical records are viewed in the context of an ineffective assistance of counsel claim or in some other framework, it cannot be seriously disputed that this issue was not accorded the in depth treatment it deserved at sentencing. Indeed, where, as here, the probation officer is called upon to give a lay opinion as to which symptoms or disorders she believes particular medications are designed to treat (sentencing transcript, p. 38-39), it is clear that the state of defendant's mental health, and its relationship to his crime, was a subject largely ignored at sentencing.

10. There is also a question regarding the correct calculation of defendant's criminal history points as well as the length of prior sentences imposed on defendant. In discussing its decision to depart sharply upward from the top of the guideline range indicated for defendant, the Court emphasized the need for deterrence, pointing out that the defendant had not been deterred by the 3½ term of incarceration imposed in State Court in the mid-1990's (sentencing transcript, pp. 64-66). In fact, that sentence was later modified to 1½ years,

meaning that the sentence imposed in this matter was more than 5 times greater than the longest sentence imposed on defendant in any prior proceeding, state or federal. This is one of the factual errors in the PSR that defendant requested his attorney to raise, but he apparently failed to do so.

11. Defendant believes that the representations contained herein constitute a prima facie showing entitling him to a hearing on the issues of his criminal history, and whether his mental health was such that sentencing should not have taken place, on June 8, 2001, or, in the alternative, that a different sentence was warranted. Both Dr. Dedios, Attorney Audrey Felsen and perhaps defendant would testify at such a hearing.

WHEREFORE, for the reasons stated, defendant requests the Court to reconsider its order of May 9, 2005, denying his petition without hearing to vacate sentence and granting him an opportunity to be heard on the issues raised herein.

Dated:     May 26, 2005
           Stamford, CT

                                   THE DEFENDANT,
                                   VINCENT WHITELY

                           By:     /s/ Peter L. Truebner
                                   Peter L. Truebner
                                   100 Prospect Street (South Tower)
                                   Stamford, CT 06901
                                   (203) 323-4540
                                   Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was mailed postage prepaid, James J. Finnerty, Esq., Assistant United States Attorney, United States Courthouse, 915 Layfayette Blvd, Bridgeport, Connecticut 06604 on the 26th day of May 2005.

_____
Peter L. Truebner

HR507 REV.3/95
**CONNECTICUT DEPARTMENT OF CORRECTION**
**INITIAL PSYCHIATRIC EVALUATION**

INMATE NUMBER: 92324
DATE OF BIRTH: 4-13-60
INMATE NAME (LAST, FIRST, INITIAL): Whitely, Vincent

DATE: 1/15/00
EXAMINER/TITLE: O.V. DE DIOS, M.D.
SEX: M
RACE/ETHNIC: W
FACILITY: GCI

**REASON FOR CONSULTATION/REFERRAL:** Was transferred to GCI for housing in general population, but during the routine intake it was noted that inmate was "confused" & unable to answer questions & so was placed in IPM.

**CLINICAL ASSESSMENT:** 39 yr old white male, who is not capable of providing any reliable information. He was tearful, anxious, unaware of where he is (thinks he is in a train). Disoriented to all 3 spheres. Thought process disorganized. Pt. said he was arrested 10 days ago "because he was in the wave" - also mentioned that "he thinks he killed his wife". Reported that he "sees his mother & that he hears her talking to him". Admitted to long history of drug use but can't name the drugs he used. He thought he has been here for 10 days & wondering why it's always daytime & that it does not get dark. Denied any thoughts of SI/HI. Very confused. Impaired memory. Impaired judgment. Grossly psychotic.

**DIAGNOSIS:**
AXIS I: Psychotic Disorder N.O.S.
AXIS II: Deferred
AXIS III: (?) Diabetes (??)
AXIS IV: legal problems
AXIS V: current GAF = 20   Past yr. GAF = unknown

**DISPOSITION:** Continued stay @ IPM till evaluated by treating team. Will try Haldol 5 mg. po TID x 48 hrs to control the psychosis.

**PSYCHOACTIVE MEDICATION:** Haldol 5 mg. po TID

CONSENT FOR TREATMENT WITH PSYCHOTROPIC MEDICATION FORM NECESSARY? **YES**   NO   (Circle One)
ABNORMAL INVOLUNTARY MOVEMENT SCALE (AIMS) NECESSARY?   **YES**   NO   (Circle One)
MENTAL HEALTH OBJECTIVE CLASSIFICATON SCORE:   1   2   3   4   **5**   (Circle One)

PSYCHIATRIST SIGNATURE
DATE: 1/15/00

HR401 REV.6/94
CONNECTICUT DEPARTMENT OF CORRECTION

## CLINICAL RECORD

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 92329 | 9-13-60 |

INMATE NAME (LAST, FIRST, INITIAL): Whitely, Vincent
SEX: (M) F    RACE/ETHNIC: B (W) H O    FACILITY: GCI

| DATE/TIME | |
|---|---|
| 1/27/01 2:50p Social Work | I/m seen for initial contact upon admit to H Block and written request to go to the library. I/m present as a/o c̄ stable mood/sad affect, very poor eye contact, vague responses to questions concerning circumstances around present incarceration, availability of support etc. I/m denies si/hi or intent or acute emotional distress. Provided I/m c̄ reading materials and informed him how to access MH services. Plan to continue to monitor c̄ MHS. —Elmore LCSW |
| 1/28/01 Psychiatry | Attempted to interview I/m but he refused to be seen. Will try again on Wednesday, 1/31/01. —Cuellar |
| 2/3/01 Psychiatry | S— "I'm sad." "I do not know my charges." O— Met c̄ I/M for 1st time, 40 y/o old, married, white male who does not know his charges, nor how long he has been in prison. He reported that he is a bipolar. He gets high + goes on stealing things. He has long history of using cocaine, heroin or just about anything. He stops taking his lithium because he likes the "high." He exhibits pressured speech, flight of ideas, poor concentration/attention, admits to auditory hallucinations but vague content. A— Bipolar Disorder in a hypomanic phase who is not consistent in taking his medication. c̄ FOI + AH. P— Will D/C risperdal + Try on Zyprexa 10mg po qhs. —Cuellar |
| 2-8-01 LCSW 9:45 | Mental Health— S "I just called my wife and I feel sad. O— I/M emotional, has some confusion as to time lines. Feeble. A— I/M denies SI/HI. A/V hallucinations. No overt psychosis. Plan: Meet c̄ I/M tomorrow on block to discuss personal issues in more detail. —M Palmer LCSW |

HR401 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

# CLINICAL RECORD

INMATE NUMBER: 92329
DATE OF BIRTH: 9-13-60
INMATE NAME (LAST, FIRST, INITIAL): Whitely Vincent
SEX: M
RACE/ETHNIC: W
FACILITY: GCI

| DATE/TIME | |
|---|---|
| 2-9-01 3PM MH | The I/M seen at the request of the H-Block C/O. "I want to see a PSW." S/O "I want to make a call to my wife. It's private, I can't tell you why." No S/I, H/I, & reports of hallucinations. The I/M was agitated when he could not speak immediately to the social worker of his choice and became verbally aggressive and demanding with this clinician calling me a liar. Not consistent w/ MH TX. A- Manipulative & demanding. P- MSO- report results of this interview w/ H-Block social work staff. — Jos Nieh, Dev Spec II |
| 2/9/01 5:55pm MH | S/O "I want to see a PSW" I/M wanting to make a phone call to his wife. I told him to see regular social work staff during the week. I/M was demanding during this time. No apparent mental health issues, no S/I, no H/I. A- r/o malingering behavior P- follow up with unit PSW — |
| 2-13-01 3:46pm | Mental Health - I/M requesting to see S.W. Continues to be histrionic, cries occasionally S/O - I need to explain to you how we live on different planes from ghosts. Do you believe in ghosts? a) I/M not taking psych meds regularly. I/M has agreed to take his Zyprexa this evening. Nursing informed. No SI/HI (plus) question of audio hallucinations or psychosis. Plan: Continue to encourage I/M to take meds — M Palmi LCSW |

HR401 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

## CLINICAL RECORD

| INMATE NUMBER | DATE OF BIRTH |
| --- | --- |
| 92329 | 4/13/60 |

INMATE NAME (LAST, FIRST, INITIAL): Whitely

SEX: (M) F  RACE/ETHNIC: B (W) H O  FACILITY: Garner CI

| DATE/TIME | |
| --- | --- |
| 3/10/00 7:00 pm | Unable to locate medical file of inmate. Custody supervisors avail. I/m seen by this writer. I/m denies A/V hallucinations. I/m denies suicidal or homicidal ideations. BP 140/90 P 60 R 14 T 99 PO. I/m being transferred to BCC. I/m in no acute medical or psychiatric distress. — Cleared for transfer — Roxli Dunn RN |

HR401 REV.5/94
**CONNECTICUT DEPARTMENT OF CORRECTION**

## CLINICAL RECORD

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 92329 | 9-13-60 |

INMATE NAME (LAST, FIRST, INITIAL): Whiteley, Vincent
SEX: (M) F   RACE/ETHNIC: B (W) H O   FACILITY: GCI

| DATE/TIME | |
|---|---|
| 2/14/01 Psychiatry | S – "I hear all this background music or sounds behind my head." "The medication is not helping." O – I/M is not consistent in taking medication & it was explained to him the importance of consistency. He still unable to focus, easily distracted but not as confused as a few days ago. Mood is calmer. A – Thought process still shows some flight of ideas, auditory hallucinations but speech is less pressured. P – Will ↑ Zyprexa to 15 mg po QHS & re-evaluate. |
| 2-16-01 MH 3:30 pm | Mental Health – Met c I/M again at his request. Continues to display symptoms of A. Hallucinations vs. psychosis vs. attention seeking behaviors. I/M calm & cooperative. Very intelligent and manipulative. Plan: Continue to monitor on block. I/M denies any current SI – HI. — Maureen Palmer, LCSW |
| 3/10/01 Psychiatry | S – Quiet, did not offer any statement until asked. O – Looks depressed, quiet & had stopped taking meds but states he will take it again. A – No longer manic – but looks like he is in the depressive phase, sleeping a lot but working in the block. Denied SI/HI. P – Will resume medication & have staff ensure to take it. Re-evaluate in 1 month. — |
| 4-3-01 13:50 | S: "I want Betnovate butt & tell C.O. that I can't use black box when cuff." O: Pt. c his garden room. ® Shoulder = ROM ↑ (L) shoulder, POSS OW. Hx 10 surgery grossy intact – mild flaky scalp. A: r/o m. skeletal pain (L) shoulder ③ seborrhea. P: Motrin 400 mg po QID × 14 days   ® T-gel shampoo 8dMr 3dy ® Ismotic ewras B10 (demerol to M)   Dr. Mingzer Tung, M.D. |

HR401 REV.6/94
**CONNECTICUT DEPARTMENT OF CORRECTION**

# CLINICAL RECORD

INMATE NUMBER: 92329
DATE OF BIRTH: 9-13-60
INMATE NAME (LAST, FIRST, INITIAL): Whitley, Vincent
SEX: M
RACE/ETHNIC: W
FACILITY: CCI

| DATE/TIME | |
|---|---|
| 4/11/01 Psychiatry | Attempted to see inmate for monthly evaluation but he refused to be seen because he wants to sleep. (declined) |
| 4/23/01 8:40pm M.H. | S/O: I/M has CTQ (loss of rec.), depressed about not knowing if "matter" exists. I/M mentioned to writer that "the three/multi dimension doesn't matter". I/M denies any thoughts of S/H ideations @ present time. A: I/M appeared very delusional and depressed, not oriented to time and place ("how do we know that dates & time exists"), very cooperative/polite, stable & safe/secure. I/M is not med compliant, doesn't know why he is taking. P: I/M will access M.H. if needed, continue to med monitor & f/u every month. — Laundra Leake, PSW |
| 5/8/01 8:30pm M.H. | S/O: I/M appeared talking about "Absolute Space" (moving down the error of time). Delusional thinking @ times. I/M denies any thoughts of S/H ideations @ present time. A: I/M appeared stable, alert, very cooperative but flight of ideas and unusual thought process, very polite & cooperative. P: I/M encouraged to take current medication will access M.H. if needed, continue to monitor & f/u as needed. — Laundra Leake, PSW |
| 5-14-01 9am | received TC from Attorney Felson re: medical/mental issues ROI sent to Risk Management M. Driscoll/J Botti for instructions regarding the same. — Judy Evans RN |
| 5-15-01 10:45 | spoke c Attorney Felson's office re: ROI - instructed sec. need cover letter stating specifically what is needed, will fax same, inform requested to this facility. — Judy Evans R |

HR401 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

**CLINICAL RECORD**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 92329 | 4-13-60 |

INMATE NAME (LAST, FIRST, INITIAL): Whitely, Vincent
SEX: M
RACE/ETHNIC: W
FACILITY: GCI

| DATE/TIME | |
|---|---|
| 5/23/01 | Psychiatry: |
| | S - "I have a lot of stress, racing thoughts, full of energy." "I keep thinking of Revelations & I've got a lot of insight." |
| | O - Euphoric mood, c moderately pressured speech. Was happy, talkative but his thinking was illogical. Although he appeared very happy he says "he despairs inside" but he likes how he feels but at the same time agreeing to try "something" to slow him down. States he is not sleeping, "his thought has finished in his head before he finishes his statement". |
| | A - Moderate manic phase c some delusional thinking but denied any suicidal/homicidal thoughts. Agreeing to try medications again. |
| | P - Will try depakote 250 mg po BID to stabilize mood. Will try low dose of trilafon 4mg po chs to [?] delusional thinking (since he has been refusing to take either zyprexa or risperdal). Will re-evaluate him 2 wks. — [signature] |
| 6/6/01 | Psychiatry: |
| | S - "My thinking is clearer, it has slowed down it feels blurred, I feel I'm coming off drugs." "I want to be able to shave but I'm on razor restrictions." "I am not suicidal, I promise you I won't hurt myself." |
| | O - Calmer & thinking more organized & clear. Speech is much less pressured. |
| | A - No delusional thinking. More organized. Strongly denied any SI/HI. No gross psychotic symptoms. |
| | P - Will D/C razor restrictions. Will re-evaluate in 3 wks. — [signature] |