UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
          Plaintiff

v.

VINCENT WHITELEY,
          Defendant

FILED
2005 SEP -1  P 12: 02
CRIM NO. 3:00CR115(JCH)
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## DEFENDANT'S MOTION TO VACATE SENTENCE

    VINCENT WHITELEY, defendant in the above-captioned action, respectfully requests this Court to grant his petition to vacate his sentence pursuant to Title 28, U.S.C., § 2255, or in the alternative, to hold a hearing on defendant's allegations.

I. Factual Background

    On June 8, 2001, this court sentenced defendant to a term of imprisonment of 96 months following his plea of guilty to count 2 of the indictment alleging violations of Title 18, U.S.C. § 1029 (Q) (2) and § 2. The sentence imposed was three (3) times greater than the guideline imprisonment range of 27 to 33 months.

    Following an unsuccessful appeal, defendant, acting pro se, challenged his conviction on various grounds and moved to vacate his sentence. The Court reviewed the petition and appointed the undersigned attorney to represent defendant in the prosecution of his claims.

II. Grounds for Hearing

    1. Defendant's Mental Health

        As more fully set forth in the excerpts of defendant's medical records attached to defendant's Motion for Reconsideration dated May 26, 2005, defendant has suffered and continues to suffer significant mental problems. From a diagnosis of "psychotic disorder n.o.s." (bi-polar disease) in January 2000 to

apparently "clearer thinking" on June 6, 2001, 2 days before sentencing, the record is replete with evidence of defendant's periodic wide mood swings, delusional thinking and hallucinations. There were no medical records available at sentencing, nor was there any expert testimony offered to support a claim of downward departure based on Diminished Capacity pursuant to §5K2.13 of the Sentencing Guidelines.

Defendant was precluded at sentencing from offering such testimony, but intends to do so at a hearing if this Court grants his petition under §2255. He expects to call as witnesses both Dr. Dedios, his treating physician at Garner Correctional Center, and also Attorney Audrey Felsen on the subject of his mental health. He also hopes to have available at that time medical records from the Wheeler Clinic in Meriden, Connecticut, where he was treated in 1988 –1989.

2. Criminal History Points

Defendant contends that his criminal history was calculated incorrectly, and that the Court relied on such untrue calculation in determining what sentence to impose. The PSR reflects total criminal history points of 43. Defendant believes the true number is 12.

The Court also erred by relying on a 3½ year term of imprisonment imposed by the State Court in Meriden (Reilly, J.) on July 14, 1994 in Dkt. No.7M-CR93-0084829-J in concluding that such a sentence (the longest ever given to defendant) had not deterred him from further crimes. In fact, that sentence was suspended by Judge Dunnell on or about February 17, 1998. No new sentence was ever imposed. Under the circumstances, not only was defendant improperly assessed with 3 points, but the 3½ year sentence influenced the Court (see sentencing transcript, ¶64-66) in deciding to depart upward from Level 11 to Level 21.

III. Conclusion

Each of the above issues tend to undermine the Court's dramatic increase in defendant's base level offense. For the reasons stated, defendant respectfully requests the Court to grant his petition without hearing and schedule a new date for sentencing, or in the alternative, to schedule a hearing in order to afford defendant an opportunity to be heard on the issues raises herein.*

Dated:  August 31, 2005
        Stamford, CT

                                THE DEFENDANT,
                                VINCENT WHITELY

                        By:     _____
                                Peter L. Truebner
                                100 Prospect Street (South Tower)
                                Stamford, CT 06901
                                (203) 323-4540
                                Counsel for Defendant

* Since the Court granted defendant's Motion for Reconsideration, he has been transferred to the Federal Correctional Institute at Ft. Dix, New Jersey. Upon information and belief, there are audio and video teleconferencing facilities available that would allow defendant to participate in such a hearing without being physically present in the courtroom, if the Court is so inclined.

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing Motion was mailed postage prepaid, James J. Finnerty, Esq., Assistant United States Attorney, United States Courthouse, 915 Lafayette Blvd, Bridgeport, Connecticut 06604 on the 31st day of August, 2005.

_____
Peter L. Truebner