UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

UNITED STATES OF AMERICA  :  CRIMINAL NO. 3:00CR115(JCH)
                          :  CIVIL NO. 3:03cv159(JCH)
                          :
                          :  OCTOBER 7, 2005
v.                        :
                          :
VINCENT WHITELEY          :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO VACATE SENTENCE FILED SEPTEMBER 1, 2005

On June 8, 2001, the Court sentenced Vincent Whiteley (the "defendant") to 96 months of imprisonment after he pleaded guilty to violating 18 U.S.C. § 1029 (fraud in connection with an access device). On June 13, 2001, the Court entered judgment.

The defendant filed notice of appeal on June 15, 2001. The Second Circuit affirmed the defendant's sentence on January 29, 2002 and issued a mandate on February 20, 2002.

On January 23, 2003, the defendant filed a petition pursuant to 28 U.S.C. § 2255. On July 10, 2003, the Government responded to the defendant's original petition.

The Court subsequently appointed Peter Truebner, Esq., as counsel for the defendant.

On May 9, 2005, the Court issued a ruling denying the defendant's petition. On May 27, 2005, the defendant filed a motion for reconsideration of the Court's ruling. On July 25, the Court orally granted the defendant's motion for reconsideration and established a scheduling order for additional briefing.

On September 1, 2005, the defendant filed a motion to vacate sentence. It principally challenges trial counsel's failure to seek a downward departure based on the defendant's alleged mental condition as well as the District Court's computation of his criminal history.

I. **DEFENSE COUNSEL'S FAILURE TO REQUEST A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K2.13 DOES NOT CONSTITUTE INEFFECTIVE ASSISTANCE**

The defendant claims that defense counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. § 5K2.13 (Diminished Mental Capacity). The defendant's claim lacks merit and should be dismissed summarily.

To prevail on an ineffective assistance of counsel claim, a defendant must establish both (1) that counsel's performance "fell below an objective standard of reasonableness," Strickland, v. Washington, 466 U.S. 668, 688 (1984), under "prevailing professional norms," id., "on the facts of the particular case, viewed as of the time of counsel's conduct," id. at 690; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As for the first prong, an attorney's conduct is not objectively unreasonable if the challenged actions or omissions could "be considered sound trial strategy." Mason v. Scully, 16 F.3d 38, 42 (2d Cir.1994) (internal quotation marks and citation omitted). Furthermore,

when measuring counsel's performance, a "court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance of counsel in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir.1990) (quoting Strickland, 466 U.S. at 689) (alterations in original).

Under the totality of the circumstances, the defendant's attorneys acted within the bounds of "prevailing professional norms" in not seeking a downward departure for diminished mental capacity. Contrary to the defendant's claim in his motion that he was "precluded from offering" testimony to support that departure, the record reflects that the defendant's attorneys investigated his mental health issues, alerted the court to it, and addressed that issue at sentencing. (See Gov't Ex. 5, at 36 (copy of transcript of sentencing); Gov't Ex. 9 (copy of defendant's sentencing memorandum)).[1] At sentencing, the defendant's attorneys emphasized his alleged mental health issues and his prior lack of access to drug and mental heath counseling as a means to explain the defendant's lengthy criminal record and to dissuade the Court from granting the Government's motion for

---

[1] To avoid confusion, the Government will refer in this memorandum to the numbers used to denote exhibits attached to the Government's previously filed memorandum.

3

an upward departure. (See Ex. 9; Ex. 5 at 34-44.) Counsel asked the Court to consider the defendant's alleged mental health issues as a basis for sentencing the defendant at or near the bottom of the applicable Guideline range. (See id. Ex. 5, at 34-44.) Their decision plainly was a sound strategic choice. A request for leniency within a Sentencing Guideline range ordinarily has a better chance of success than a motion for departure. Given the defendant's lengthy criminal record, counsel's decision was reasonable, albeit ultimately unsuccessful.

Factually, the defendant's claim that counsel did not examine his mental health records is incorrect. At sentencing, Ms. Felsen informed the Court that she examined the defendant's mental health records at the Garner Correctional Center as well as interviewed the defendant's mental health providers there. (See Gov't Ex. 5, at 36.)

Moreover, as evidenced by the Mr. Koffsky's affidavit and the correspondence attached to it, the defendant instructed Mr. Koffsky to obtain a speedy sentencing date and to refrain from filing any motions to continue sentencing. (See Gov't Ex. 10, at Ex. B (copy of Koffsky Aff.)). Indeed, the defendant expressly instructed his attorneys to withdraw any motion requesting a continuance as well as informed them that he would proceed pro se if the attorneys were unavailable for sentencing. (See id.) As Mr. Koffsky stated in his affidavit, the defendant's actions

4

hampered counsels' efforts to effectively represent him at sentencing. (<u>See id.</u> ¶ 14.) The defendant should not be permitted now to escape the consequences of his refusal to allow his attorneys to participate in the United States Probation Office's presentence investigation and his own express instructions to counsel to obtain a speedy sentencing.

Second, the record does not support a "reasonable probability" that the result of the sentencing hearing would have been different if the defendant's attorneys sought a downward departure for diminished mental capacity. Indeed, given the Court's statements at sentencing, a downward departure from the otherwise applicable Sentencing Guideline range was highly unlikely. After a lengthy review of the defendant's criminal history, the Court stated:

> To say that Mr. Whitely (sic) is unremittingly committed to a life of crime is an understatement. To expect that a sentence within the guideline range would deter him from further commission of crime would be, in this Court's view, folly . . . .
>
> Therefore, the Court will exercise its discretion and depart upward based on the inadequacy of defendant's criminal history category and in order to afford adequate deterrent of criminal conduct and to protect the public from further crimes of this defendant.

(<u>See id.</u> at 65, 66.)

Further, even assuming that the Court might have considered a downward departure request, the defendant has not presented any information upon which the Court could conclude that he would have met two important conditions limiting a defendant's

5

eligibility for a diminished capacity departure: (1) that his allegedly significantly reduced mental capacity was not caused by the defendant's voluntary use of drugs and (2) that his criminal history did not indicate a need to incarcerate the defendant to protect the public. To the contrary, the Presentence Report reflects an extensive history of substance abuse and, as the Court's comments during sentencing made clear, the defendant's criminal history indicated a need to incarcerate the defendant to protect the public.

Simply put, the record does not support a "reasonable probability" that the result of the defendant's sentencing would have been different but for counsel's alleged error. Cf. United States v. Prince, 110 F.3d 921, 926 (2d Cir. 1997); United States v. Workman, 110 F.3d 915, 920-21 (2d Cir. 1997).

After nearly two years of requests for additional time to compile documents, the defendant now promises that he would present the testimony of counsel and his treating mental health provider while at Garner Correctional Center at a section 2255 hearing to support his argument for a downward departure. (See Def.'s Mot. Vacate Sentence at 2.) The purpose of this proceeding, however, is not to relitigate a sentencing issue. Its purpose is to demonstrate that his counsel's performance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688 and that "there is a reasonable probability that,

6

but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The defendant bears the burden of proof on both of those issues. Yet, other than providing a selected portion of treatment notes--some of which note that the defendant is highly manipulative--the defendant has failed to adduce any evidence over the last two years to establish that his attorneys provided ineffective assistance. In short, the Government respectfully urges the Court to summarily dismiss the defendant's ineffective assistance of counsel claim.

## II. The Defendant Has Failed To Demonstrate Error In The Calculation Of His Criminal History

The defendant next claims that the court wrongly calculated his criminal history. A question concerning the interpretation of the United States Sentencing Guidelines does not present a claim cognizable on a section 2255 motion to vacate absent a complete miscarriage of justice. See United States v. Auman, 67 F.3d 157, 160-62 (8th Cir. 1995)(citing cases); See also Graziano v. United States, 83 F.3d 587, 589-90 2d Cir. 1996)(rejecting section 2255 claim relating to guilty plea canvas and sentencing). Nor has the defendant established cause for his failure to assert the claim in any earlier proceeding or actual prejudice from the alleged error. See United States v. Frady, 456 U.S. 152, 162-66 (1982); United States v. Mikalajunas, 186

7

F.3d 490, 495 (1st Cir. 1999)(holding that claim of Sentencing Guidelines violation waived because not raised on direct appeal).

Even if couched as an ineffective assistance claim under the Sixth Amendment to avoid the bars discussed above, the defendant's sentencing claim still must fail.

First, the defendant claims that his "true" criminal history score is 12. Yet, other than that conclusory statement, he offers no evidence demonstrating any error in the Presentence Report's conclusion that he possessed a total of 43 criminal history points. Accordingly, the court should dismiss this claim summarily.

Second, the defendant claims that the court erroneously relied on a July 14, 1994 conviction for promoting prostitution in Docket No. 7M-CR93-0084829-T in increasing by three points his criminal history score and using the term of imprisonment imposed for that conviction as a baseline from which to depart upward. He argues that the sentence was modified on February 17, 1998. He asserts that, based on the modification, the PSR incorrectly assessed three criminal history points in calculating his criminal history score.

The defendant's claim is erroneous. The PSR reflects that the defendant was convicted of offenses in at least four different cases, each bearing different docket numbers, on July 14, 1994, and that he served approximately three-and-one-half

8

years, even if one calculates the total period of incarceration as terminating with the defendant's discharge from incarceration on February 3, 1998 rather than the date his sentence was modified. Consequently, even accepting the defendant's time-line, his term of imprisonment exceeded U.S.S.G. § 4A1.1's requirement that a court add three points to a defendant's criminal history score if the term of imprisonment exceeded one year and one-month.

The PSR reflects that the defendant was sentenced on July 14, 1994 to a term of imprisonment of eight years, execution suspended after three years, in Docket No. N07M-CR93-0084829-T. (See PSR ¶ 75.) It also notes that State of Connecticut Department of Corrections records reflect that the defendant was discharged from incarceration on that sentence on February 3, 1998. (See id.)

The PSR also reflects that the defendant was convicted on July 14, 1994 for promoting prostitution in Docket No. N07M-CR93-0084545-T and was sentenced to a term of imprisonment of eight years, concurrent to the sentence imposed in Docket No. N07M-CR93-0084829-T. (See id. ¶ 80.) The PSR notes that the defendant was released from custody on that sentence on February 3, 1998 and that the sentence was modified on February 17, 1998. (See id.)

The PSR further reflects that the defendant was convicted on

July 14, 1994 of promoting prostitution in Docket No. N07M-CR93-0084855-T and was sentenced to eight years imprisonment, concurrent to the sentence imposed in Docket No. N07M-CR93-0084829-T. (See id. ¶ 82.) The PSR again notes that the defendant was released from custody on February 3, 1998 and that the sentence was modified on February 18, 1998. (See id.)

The defendant also was convicted on July 14, 1994 of two counts of breach of peace in Docket No. N07M-CR93-0085065-T and sentenced to one-year of incarceration concurrent to N07M-CR93-0084829-T. (See id. ¶ 83.)

Finally, the defendant was convicted on July 14, 1994 of criminal mischief in Docket No. N07M-CR93-0085225-T and sentenced to one-year of incarceration concurrent to Docket No. N07M-CR93-0084829-T. (See id. ¶ 86.)

In short, although the defendant ultimate was discharged from incarceration on February 3, 1998 and his sentence modified on February 18, 1998, he already had served more than three years of imprisonment. Section 4A1.1 of the United States Sentencing Guidelines directs a court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(1) (defining term "prior sentence"), 4A1.2(b)(1) & (2) (defining term "sentence of imprisonment"); see also appl. nn. 1 & 2. (explaining terms). The PSR thus properly added three points to the defendant's criminal

history score as a result of the July 14, 1994 conviction in N07M-CR93-0084829-T. Accordingly, the district court's statement concerning the longest term of incarceration previously imposed on the defendant also was factually correct.

### III. CONCLUSION

The Second Circuit repeatedly has noted that "[a]cts or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance of counsel." See United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992)(internal quotation marks and citations omitted)(rejecting ineffective assistance claim based on failure to seek downward departure based on family ties and circumstances because such departure is not "ordinarily relevant in determining whether a departure is warranted"). Here, defense counsel's emphasis on the defendant's alleged mental health history and lack of substance abuse counseling to explain the defendant's prior criminal conduct and to dissuade the court from granting the Government's request for an upward departure based on the defendant's criminal history represented a sound sentencing strategy, not a Sixth Amendment violation.

In addition, the defendant's criminal history claim, even if couched as an ineffective assistance claim, is factually wrong.

In sum, the Government respectfully requests that the court

11

dismiss the defendant's petition summarily.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>*/s/ James J. Finnerty/*
>
>JAMES J. FINNERTY
>ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>United States Courthouse
>915 Lafayette Boulevard
>Bridgeport, CT 06604
>Tel: (203) 696-3000
>Federal Bar No. CT15203

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded via facsimile and First Class Mail, postage prepaid, on October 7, 2005 to:

Peter L. Truebner, Esq.
Suite 206
111 Prospect Street
Stamford, Connecticut 06901

*/s/ James J. Finnerty/*
JAMES J. FINNERTY
ASSISTANT UNITED STATES ATTORNEY

12