UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 NOV 14  A 11: 29

U.S. DISTRICT COURT
BRIDGEPORT, C...

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | |
| v. | CRIM NO. 3:00CR115(JCH) |
| VINCENT WHITELEY,<br>Defendant | |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO VACATE SENTENCE

VINCENT WHITELEY, defendant in the above-captioned action, respectfully submits the following supplemental memorandum in support of his petition to vacate his sentence pursuant to Title 28, U.S.C., § 2255.

The procedural history of this matter has been fully set forth in prior pleadings of the parties and in the decision of this Court dated May 9, 2005. Accordingly, it need not be repeated here. Without abandoning in any way defendant's prior claim that the Court failed to properly address at sentencing substantive questions regarding his mental health, an issue corroborated by excerpts from his medical records that were not available at time of hearing, the focus here will be on calculation of defendant's criminal history points.

According to the Presentence Report (PSR) prepared by the Probation Office, defendant had accumulated a total of 43 criminal history points, a computation that defendant believed and continues to believe is not correct. He was unable to challenge it at the time of sentencing, however, because he was not given a sufficient opportunity to confer with his attorney. Specifically, he disagrees with Probation's calculation of points in the following respects, the paragraph numbers corresponding to those in the PSR.

¶70. On July 14, 1994, Judge R. Reilly of the Superior Court in Meriden sentenced defendant, on his guilty plea in DKT. No. CR-92-0144797, to an 8-year term of imprisonment, suspended after 3 years, to be followed by 5 years probation. This sentence was to run concurrently with an identical sentence imposed on the same day in DKT No. CR-93-86298.

Thereafter, on February 17, 1998, defendant's pro se Motion for Modification of Sentence was granted by Judge Dunnel in accordance with Stipulation, copy attached. The Modification Order changed defendant's 1994 sentence from 8 years suspended after 3 years to 8 years, execution suspended, and resulted in his immediate release from custody. Inasmuch as the box for probation on the sentence modification form was not checked, it appears that probation was not ordered as part of the modified sentence.

Since defendant ultimately received a suspended sentence in New Britain on his 2 most serious cases, he should not have been given the criminal history points assigned in paragraphs 70, 75, 80 and 82 of the PSR. In addition, he did not commit the federal offense on which he was sentenced by this Court within two years of a term of imprisonment or while on probation. A total of 12 points are thus eliminated.

There are other discrepancies in the point calculation, some of which cannot be verified because the records of the Record Center in Enfield are no longer available, and/or computer entries at the GAs where defendant was sentenced do not always tell the true story of what happened. For example, in paragraphs 65 and 68, defendant is given a total of 4 points for 2 misdemeanors convictions. It is his contention, however, that because he was serving the concurrent sentences imposed for offenses described in paragraphs 81, 83, and 86, he was never returned to GA 15 in New Britain for purposes of being sentenced. Similarly, in paragraph 95, defendant believes he entered a plea to trespassing and paid a fine, which would result in no points.

It is somewhat ironic that a defendant such as Whiteley would actually benefit from the confusion generated by multiple cases in multiple jurisdictions covering an extended period, but that appears to be the situation here. When a man's liberty is at stake, however, accuracy is obviously important, and defendant believes that the inflated and inaccurate calculation of criminal history points resulted in a harsher sentence than would otherwise have been imposed. This is especially true where, as here, Nancy Whiteley, the co-defendant who also had a long criminal record, received a sentence of 27 months, less than one-third of the 96-month sentence imposed on defendant. Mrs. Whiteley has long since completed her sentence and has been released from custody.

In sentencing defendant to a term of 96 months, the Court noted that the 3 - 3¹/² year sentence imposed in New Britain on July 14, 1994 had apparently not deterred him from a life of crime. We now know, however, that the sentence on which the Court relied was ultimately modified to a suspended sentence, meaning that the longest term of imprisonment received by defendant prior to this Court's sentence was the 2-year term imposed in Derby on November 16, 1994 (¶97). The wide disparity between this sentence (24 months) and the sentence imposed by this Court (96 months) raises a question as to whether the Court properly exercised its discretion under the analysis set forth in United States vs. Mishoe, 241 F 3d 214 (2d Cir 2001). Stated another way, even if an upward departure was warranted, was not an increase by a multiple of four unduly harsh?

III. Conclusion

For the reasons stated, defendant respectfully requests the Court to grant his petition without hearing and schedule a new date for sentencing, or in the alternative, to schedule a hearing in order to afford defendant an opportunity to be heard on the issues raises herein, and in prior pleadings.

Dated:   November 11, 2005
         Stamford, CT

                                    THE DEFENDANT,
                                    VINCENT WHITELEY

                              By: _____
                                    Peter L. Truebner
                                    100 Prospect Street (South Tower)
                                    Stamford, CT  06901
                                    (203) 323-4540
                                    Counsel for Defendant


CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was mailed postage prepaid, James J. Finnerty, Esq., Assistant United States Attorney, United States Courthouse, 915 Lafayette Blvd, Bridgeport, Connecticut 06604 on the 11th day of November, 2005.

                                    _____
                                    Peter L. Truebner

**SENTENCE MODIFICATION APPLICATION**
**MOTION AND ORDER**
JD-CR-68 Rev. 9-94
Gen. Stat. §§ 53a-39, 54-227
Pr. Bk. Sec. 934

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

Prepare Application in triplicate. File all three copies with Clerk.

**INSTRUCTIONS TO CLERK**
1. Stamp form. on filing.
   File original as pending matter.
   Give one copy to Presiding Judge,
   and one copy to Prosecuting Attorney
   who presented the case.
2. Prepare Judgment in triplicate. After Judgment, distribute:
   One copy to Records Center for filing with original information.
   One copy to Revenue Accounting for filing under date of this order.
   One copy to Probation Officer, if Defendant is place on Probation,
   otherwise distribute third copy to Defendant or his Counsel.

*original*

| DOCKET NO. CR93-84855 CR93-84829/CR93-86298 CR92-144797 | STATE OF CONNECTICUT VS. Vincent Whiteley | G.A. NO. 7 | PLACE OF SENTENCING (Town) Meriden | DATE OF SENTENCING 7-14-94 |
|---|---|---|---|---|

CRIME(S) OF WHICH THE DEFENDANT WAS CONVICTED: 53a-87 Promoting Prostitution, 2nd degree

DATE OF BIRTH: 4-13-60

ORIGINAL SENTENCE (Specify period of suspension, if any; and fine, if any. If original sentence was modified, so state and also specify new sentence.)
CR92-144797 53a-87 8yrs E/S/A 3yrs 5 Prob / CR93-86298
CR93-84829 53a-87 8yrs E/S/A 3yrs Concur / 53a-87 Concur.
CR93-84855 53a-87 8yrs E/S/A 3yrs Concur / 8yrs E/S/A 3yrs

| NAME OF JUDGE ENTERING ORIGINAL SENTENCE: Robert E. Reilly | LOCATION OF JAIL (Town): Enfield | DATE JAIL SENTENCE BEGAN: 7-14-94 | AMOUNT OF FINE PAID, IF ANY |

**MOTION FOR MODIFICATION**

The undersigned avers that the defendant was not sentenced for an offense for which there is a mandatory minimum sentence which may not be suspended or reduced by the court and requests that the sentence of the defendant be modified by:

☒ suspending execution of the unexecuted portion of the jail sentence.

☒ or reduction of 90 days to 2 years, 9 months.

**COMPLETE THE FOLLOWING QUESTIONS**
a) Was the defendant sentenced to a definite sentence of more than three years?  ☒ NO  ☐ YES   (If yes, has state's atty. agreed to seek a review of sentence?)  ☐ NO  ☐ YES
b) Was a motion for a modification of sentence previously filed in this case?  ☐ NO  ☒ YES (Date filed) 9-1-95
c) Is the Defendant presently in the custody of the Department of Correction?  ☐ NO  ☒ YES *

* If yes, a completed form JD-VS-3, Inmate Notice of Application, is attached to this application as proof of notice to the Office of Victim Services.

REASON FOR REQUEST (Use reverse side, if necessary)
By the time the Court rules on this I will have approximately 90-100 days left to my sentence. My current Estimate Date is 4-16-98, (See Attachment A, Time Sheet). I have already been approved for Community Release and am now merely waiting for bed space, (see Attachment B, Community Release Cover Sheet). The typical wait is 60-70 days. During my sentence I have earned 25 college credits to add to the ~70 I had prior to my incarceration, (Attachment C). I've taken all the courses I can from in here, when I'm released I plan on completing my Bachelors Degree. I have about 30 credits to go. I've also completed the technical
**[CONTINUED ON REVERSE]**

| DATED AT (Town): Enfield | ON (Date): 12-15-97 | SIGNED (Defendant or Attorney for Defendant): Vincent Whiteley |

**JUDGMENT**

The foregoing motion having been presented to and considered by the Court,

☐ 1. The motion for modification is denied.
☐ 2. The sentence of said defendant is hereby modified in the following respect(s) only:
   ☐ Execution of the unexecuted portion of the jail sentence is to be suspended on (date) _____ and after release the defendant is:
      ☐ committed to the custody of the Probation Officer, for the term of _____
      ☐ discharged from custody.
☒ (Other) Granted in accordance with stipulation

SIGNED (Judge): _Dunnell_

| JUDGMENT ON MOTION ENTERED AT (Town): Meriden | ON (Date): 2/17/98 | BY ORDER OF THE COURT - SIGNED (Assistant Clerk) |

...с with a 92 average. I have also been taking the computer skills course
...nt with microsoft Excel 5.0, microsoft word 6.1, microsoft access 2.0, Apple
...maker 5.0, and Adobe software. I am able to operate both IBM and
and associated hardware. These skills will help acquire and maintain
while finishing my degree. All these are reasons why I won't be prone to
crime. But the reason I'm seeking release now is that my 14 year old
...t serious risk. Since my incarceration, my daughter was removed
mother by the Southington Probate Court. I was given custody, with
going to my parents, by the Superior Court in Waterbury. Since then, my
...ring for her, passed away. She, my daughter, was then moved to her
...ther, who also abused and assaulted her and was arrested for doing so.
thought of her being hurt is horrifying. To compound the situation, DCF
my daughter back to her mother, who had initially abused her, not
...at was the person she was originally removed from. Once the error
...t daughter was eventually placed back with her maternal grandmother,
. A petition is now pending in Probate Court for her re-placement
(?) My daughter and I have always had a positive relationship,
...nt relationship), which is confirmed by the DCF investigation.
me before my incarceration and was an Honor-Roll student. She
...ealtimes and a regular bedtime. However, for the past two
been basically making her own rules. She received only
completes on her last report card. She has tried beer and
...nd is a regular cigarette smoker. She is often unsupervised
...casion was given hard liquor by a 17 year old boy and assault.
...re danger of being left back at school this year. She wants
...e and the court has said she could once I'm released. I have
...y until I get my own place. I realize the situation that she's in
fault because I was a criminal and am in jail now instead of
...has been the highest cost of a criminal life. She is my baby
...ntful to see her in pain and throwing away her life. In
...ss, I'll probably be in a halfway house but I don't think she
...0 more days, if she is to salvage this school year and
...f her life. Thank you for all the consideration you've given
...f you have any questions my daughter, you may contact her
...an King, of Southington, (appointed by probate).
Sorry for being a criminal. But to be honest, I'm not doing it
...use it just isn't worth it. The cost to everyone is way too high.
...'ve communicated with the Special Assistant State's Attorney,
who originally handled my prosecution and sentencing.
...ted that he has no objection to a modification to time
...here are any questions, please at least grant me a hearing
...ter.

school's Culinary Course with a 92 average. I have also been taking the computer skills course offered and am proficient with microsoft Excel 5.0, microsoft word 6.?, microsoft access 2.0, Claris word, Aldus Pagemaker 5.0, and Adobe Software. I am able to operate both IBM and macIntosh Computers and associated hardware. These skills will help acquire and maintain fulltime employment while finishing my degree. All these are reasons why I won't be prone to ever commit another crime. But the reason I'm seeking release now is that my 14 year old daughter, Lisa, is at serious risk. Since my incarceration, my daughter was removed from her abusive mother by the Southington Probate Court. I was given custody, with temporary custody going to my parents, by the Superior Court in Waterbury. Since then, my mother, who was caring for her, passed away. She, my daughter, was then moved to her maternal grandmother, who also abused and assaulted her and was arrested for doing so. As her father, the thought of her being hurt is horrifying. To compound the situation, DCF mistakenly gave my daughter back to her mother, who had initially abused her, not realizing that that was the person she was originally removed from. Once the error was realized, my daughter was eventually placed back with her maternal grandmother, where she is now. A petition is now pending in Probate Court for her re-placement somewhere else. (?) My daughter and I have always had a positive relationship, (actually, a great relationship), which is confirmed by the DCF investigation. She lived with me before my incarceration and was a Honor-Roll student. She had regular mealtimes and a regular bedtime. However, for the past two years she has been basically making her own rules. She received only D's, F's, and incompletes on her last report card. She has tried beer and smoked pot and is a regular cigarette smoker. She is often unsupervised and on one occasion was given hard liquor by a 17 year old boy and assault. She is in grave danger of being left back at school this year. She wants to live with me and the Court has said she could once I'm released. I have a place to stay until I get my own place. I realize the situation that she's in is mostly my fault because I was a criminal and am in jail now instead of with her. This has been the highest cost of a criminal life. She is my baby and it's so awful to see her in pain and throwing away her life. In 60 days, or less, I'll probably be in a halfway house but I don't think she can afford 60 more days, if she is to salvage this school year and a year out of her life. Thank you for all the consideration you've given this matter. If you have any questions my daughter, you may contact her attorney, Susan King, of Southington, (appointed by Probate).

I'm truly sorry for being a criminal. But to be honest, I'm not doing it anymore because it just isn't worth it. The cost to everyone is way too high.

Lastly, I've communicated with the Special Assistant State's Attorney, John Whalen, who originally handled my prosecution and sentencing. He has indicated that he has no objection to a modification to time served. If there are any questions, please at least grant me a hearing in this matter.

| | |
|---|---|
| CR92-144797 | SUPERIOR COURT |
| CR93-84829 | JUDICIAL DISTRICT |
| CR93-84855 | OF NEW HAVEN |
| CR93-86298 | AT G.A. #7 |
| STATE OF CONNECTICUT | FEBRUARY 13, 1998 |
| V. | |
| VINCENT WHITELEY | |

## STIPULATION

1.      The defendant, Vincent Whiteley, was sentenced by the court, Reilly, J. on July 14, 1994, at G.A. #7, after pleading guilty to a multitude of charges.

2.      The total effective sentence received by the defendant on the Meriden charges was eight years, execution suspended after three years, and five years probation. To date, the defendant remains incarcerated.

3.      On December 16, 1997, the defendant filed a Motion for Sentence Modification with the Superior Court at Meriden, G.A. #7.

4.      Pursuant to an agreement with the defendant and his attorneys, the State of Connecticut will not object to the Modification which suspends execution of the unexecuted portion of the jail sentence.

5.      In return, should the Motion for Modification be granted by the court, the defendant and his attorneys hereby agree that a federal habeas corpus proceeding entitled <u>Vincent Whitley v. John Armstrong, Warden</u>, docket No. 3:97CV952(PCO), will be dismissed with prejudice and a state habeas corpus appeal, presently pending in the Appellate Court, <u>Vincent Whiteley v. Commissioner of Corrections</u>, docket No. A.C. 17830, will be withdrawn.

**THE STATE OF CONNECTICUT**                              **THE DEFENDANT**

BY *[signature]*                                         *[signature]*
JOHN R. WHALEN                                           VINCENT WHITELEY
ASSISTANT STATE'S ATTORNEY

                                                         *[signature]*
                                                         JAMES B. STREETO
                                                         ATTORNEY AT LAW

                                                         _____
                                                         ANDREW B. BOWMAN
                                                         ATTORNEY AT LAW

                                                         _____
                                                         JOHN R. WHALEN
                                                         ASSISTANT STATE'S ATTORNEY
                                                         STATE OF CONNECTICUT

OFFICE OF
THE CHIEF STATE'S ATTORNEY
300 CORPORATE PLACE
ROCKY HILL, CONNECTICUT 06067

2