```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :    CRIMINAL NO. 3:00CR115(JCH)
                            :    CIVIL NO.    3:03CV159(JCH)
                            :
                            :    NOVEMBER 22, 2005
         v.                 :
                            :
VINCENT WHITELEY            :
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**SUPPLEMENTAL MEMORANDUM IN SUPPORT**
**OF MOTION TO VACATE SENTENCE**

On approximately October 13, 2005, the Court held a telephone conference during which it questioned defense counsel about the defendant's claimed sentence modification. On approximately November 14, 2005, defense counsel filed documents concerning the sentencing modification, including a Motion for Modification dated December 15, 1997 and a related Stipulation dated February 13, 1998.

In an earlier pleading, the defendant claimed that the court erroneously relied on a July 14, 1994 conviction for promoting prostitution in Docket No. 7M-CR93-0084829-T to increase his criminal history score by three points and as a basis from which to depart upward. As reflected by the defendant's pleading, the defendant's claim is erroneous. A review of the documents filed with the Court reflects that the state court "suspend[ed] execution of the <u>unexecuted</u> portion of the jail sentence." (emphasis added). The Stipulation was executed on February 13, 1998. The Stipulation noted that the defendant was sentenced on July 14, 1994 and that he was incarcerated as of February 13,

1998. The defendant thus served approximately three years. Indeed, even the defendant's Motion for Modification dated December 15, 1997 requests a sentence modification of ninety-days to a sentence of two years and nine months. The defendant's sentence modification thus neither affects the calculation of his criminal history nor undermines the Court's reliance on that conviction as a baseline from which to measure an upward departure.

Second, contrary the suggestion in the defendant's supplemental memorandum at page 2 that the Stipulation also deleted the five-year term of probation imposed on the original sentence, the Stipulation addressed only the length of the term of incarceration, not the term of probation.

Third, at page 3 of the memorandum, the defendant questions whether the Court's upward departure was "unduly harsh." The Second Circuit already has answered that question. It held it was not.

In conclusion, the Government respectfully requests that the Court deny the defendant's petition without a hearing.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>JAMES J. FINNERTY
>ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>United States Courthouse
>915 Lafayette Boulevard
>Bridgeport, CT 06604
>Tel: (203) 696-3000
>Federal Bar No. CT15203

**CERTIFICATION OF SERVICE**

    This is to certify that a copy of the foregoing has been forwarded via facsimile and First Class Mail, postage prepaid, on November 22, 2005 to:

Peter L. Truebner, Esq.
Suite 206
111 Prospect Street
Stamford, Connecticut 06901

                                  JAMES J. FINNERTY
                                  ASSISTANT UNITED STATES ATTORNEY