Vincent Whiteley   #83147-054    P.O. Box 1000    Fort Dix, NJ 06840

November 22, 2005

The Honorable Janet Hall                **FILED**
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604                     2005 DEC 12  P 5: 14

                                         U.S. DISTRICT COURT
Dear Judge Hall,                         BRIDGEPORT. CONN

I have received a copy of attorney Truebner's Supplemental Mem-
orandum dated November 11, 2005, and after reading it I decided
to write you because I think that perhaps I was unclear in convey-
ing my position and criminal history calculations to attorney
Truebner. Please forgive me as I am unskilled in the law and do
not know the proper way to get the correct information to you.
I ask your indulgence in this, and that you provide the government
and attorney Truebner with a copy of this letter because I have
only 62¢ on my inmate account and can only purchase copy credits
in one dollar increments.


When you sentenced me you determined from the probation department's
report that I had 41 criminal history points (see page 5 of sentenc-
ing transcript 6/8/01). My lawyer at that time did not challenge
this number although he should have. He should have been better
acquainted with the Guidelines Manual than to allow the double
and triple counting that were used to arrive at the score of 41,
and he should have be lieved me (or at least investigated) when
I told him that my sentences for Promoting Prostitution had been
modified and that they should no longer be considered a term of
imprisonment and that I was therefore not on probation when I
committed the instant offense.


Here are my calculations: (the paragraph #s referred to are the
                           paragraph #s of the probation report)

| ¶ #s | | Total |
|---|---|---|
| 55: | 3 points were properly scored | 3 |
| 65&68: | these were consolidated for trial and sentencing and should have been scored together rather than separately—2+1 | 3 |
| 76&85: | these were consolidated for trial and sentencing however I never was actually brought back to the court for sentencing. If these receive any points | |

| ¶ 3s | | Total |
|---|---|---|
| 76&85 cont'd: they should be scored together 3+1 | | 4 |
| 70, 75,80, 81, 82, 83, &86: | these were all consolidated for trial and sentencing, in fact even though they originated in different GA courts they all were prosecuted by a special prosecutor from the CT Chief State's Attorney's Office, therefore they should have been scored together however the sentences in ¶s 70,75, 80, & 82 were modified which would result in an adjusted score 2+1+1 for a total of four (see Guidelines Manual § 4A1.2 (a) (2) ) | 4 |
| 92: | properly scored | 2 |
| 93: | properly scored | 3 |
| 94: | should receive no points according to § 4A1.2 (c) of the Guidelines Manual | 0 |
| 95: | I cannot remember this case and reluctantly stipulate that it was porperly scored | 1 |
| 96: | properly scored | 1 |
| 97: | properly scored | 1 |
| | Grand Total | 22 |

Since the sentences in ¶s 70, 75, 80, & 82 were modified, obviously there should be no points added for committing the instant offense while on probation, nor should points be added for committing it within 2-years of a term of imprisonment. Attorney Truebner correctly stated that the next longest sentence I received was for 2-years from the Derby Court. Even without any good-time, that sentence would have expired on 11/15/96, well over 3-years before the instant offense.

The reasons for the modification of the sentences in ¶70, 75,80, & 82 are complex and convoluted and not all stated in the modif-ication order. If you believe these reasons are relevant to

this case, I can attempt to explain them at your convenience. However, I think the important issue is that I was not on probation, which is clear from the order, and that there was no reason for me to think that I was. Also, the modification was made without my being present in the Court—I don't know that a judge can sentence me to probation or anything else without my being present or at least notifying me.

There are many issues that I agree with the government on. I do have a long criminal record that is somewhat under represented as merely criminal history catagory VI. I honestly believe that both Nancy (my co-defendant) and I deserved more than the 27-33 months called for in the guidelines. However, it makes no sense to me that Nancy, who was sentenced with greater than 22 criminal history points, should receive 27-months and I receive 96, especially when the offense conduct was basically the same. I seem to have been vilified while she was painted with a broad  brush of victimization. For instance in my probation report it says that I fled the district of Connecticut before being arrested, whereas she merely left the state of Connecticut. I don't know, perhaps the language is reversed in her probation report and I am described more favorably. But for you to think that she was some battered woman who was desparately trying to find some way to get away from me is a joke. In fact the only real evidence of domestic violence is at ¶ 95 where she injured me. I divorced her in April of 2000 and married someone else in May. She found me in the Bureau of Prisons and got permission to write though her counselor and did write nearly every day of her incarceration (I still have the letters).

Please understand that my argument is not that I am better than Nancy, rather that I am no worse than her. I am sorry that I did not seem as contrite as she. However, where she would have told you anything she thought you wanted to hear, I would have probably told you the truth if I'd had a lawyer that would have

allowed me to speak. Please ask attorney Felsen if she forbid me
to explain how and why stealing did not exist because she said
it sounded "crazy" and would make you "mad".

After just rereading Judge Dunnell's modification order, I've
decided to explain a little further because she "granted [it] in
accordance with [the] stipulation" but the stipulation says
"suspends execution of the unexecuted portion of the jail sentence."
That sort of sounds like she gave me time served but she didn't;
I asked attorney Streeto at the time and I believe he said she
entered it on the docket sheet in the case file as "8 years e.s."
which is also what it says on the state of Connecticut application
for arrest warrant for VOP. (I'm enclosing the 1st page. As I said,
I have no money for copies; the entire document should be available
to you at the Meriden court G.A. 7) Of course officer applying for
the warrant also says that I was placed on probation. This is im-
possible since I wasn't even present in court nor ever signed the
agreement of terms and conditions of probation. The Connecticut
DOC is not allowed to release a person on probation from custody
unless they sign this document. Further, the original sentence,
and I imagine <u>any</u> subsequent sentence, was illegal (which I explain
on the enclosed sheet[s]). Lastly, even if they were never modified,
I can't be given any more criminal history points since they were
consolidated for trial and sentencing [see §4A1.2 (a) (2)].

I wish I could tell you that I have completely learned my lesson
since we last met, but all that I can honestly say is that I would
certainly make some different choices—and not just ones that
would make me a better crook. I guess that's almost a meaningless
statement since I cannot undo what I've done. However, I do
think that I will exercise better judgment in the future. How
could I not? Good judgment comes from experience but unfortunately
it seems that experience comes mainly from bad judgment. If this
is true then I would submit that I am tremendously experienced
and ready to begin demonstrating good judgment.

I don't know about what me being bi-polar means to you. You have
the records from Garner. And I think the ones that attorney
Truebner never got from Wheeler Clinic in Plainville would have
just independently confirmed the diagnosis though I would have
liked to have them.

I think my criminal history score was grossly wrong. I think I
should have had a lawyer who would have known and cared about
the accuracy of that score. I know you did not have all the facts
when you sentenced me. I know there were some forty other errors
of fact in my probation report—some I would consider important
others not so much. However, that many mistakes indicates, if
nothing else, sloppiness on the parts of those who prepared it
and those who should have reviewed it. I would have brought some
of the errors up, or at least the fact that they existed, if you
had asked me. But you only asked if I had a chance to read it,
and to be honest I was very scared and confused that day. But yes,
I did understand the proceeding. Though I don't think that the
probation department should have been guessing at what my medication
was for. The ones mentioned in court were definitely not for anx-
iety as the probation officer guessed.

These are my additional arguments. Sorry I was so long and that I
do not know the proper format in which to present them to you.
Thank you for your time and any consideration you may give me.

Sincerely,

Vincent Whiteley

ARREST WARRANT APPLICATION
JD-CR-64 Rev. 7-96
C.G.S. § 54-2a
Pt. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**

**SUPERIOR COURT**

| FOR COURT USE ONLY |
|---|
| Supporting Affidavits Sealed |
| ☐ YES    ☐ NO |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|---|
| Whiteley, Vincent | Newtown | Meriden | |

### APPLICATION FOR ARREST WARRANT

O: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the, . . .
☒ affidavit below . . .    ☒ affidavit(s) attached.

| DATE & SIGNATURE | DATE 8·10·98 | SIGNED *(Prosecutorial Official)* *Kim L. McCabe* |
|---|---|---|

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

That, I Scott F. McLean am a member of the Office of Adult Probation, Middletown, for the State of Connecticut and have been so employed for 8 years. A such I have personal knowledge of the facts and circumstances hereinafter related as the result of my own supervising and investigative efforts and those of fellow officers acting in conjunction with me.

That on July 14, 1994, Vincent Whiteley appeared before the Meriden Superior Court, GA-7, after having plead guilty under docket numbers CR93-84855-T, CR92-144797, CR93-86298-T and CR93-84829-T to 3 counts of Promoting Prostitution 2nd and Conspiracy to Promote Prostitution 2nd.

At that time, the Honorable Judge R. Reilly sentenced the defendant to 8 years e.s.a. and 5 years probation on each count concurrent with each other and consecutive to the sentences he received in New Britain Superior Court under dockets CR93-139515-T and CR93-143299-S.

On February 17, 1998 the defendant's sentences under docket numbers 93-84829-T, 93-84855-T, 93-86298-T and 92-144797 were modified to 8 years e.s. and 5 years probation. The defendant discharged from corrections on that date.

That the defendant has violated the following condition of probation: "Report as the probation officer directs...."

| DATE & SIGNATURE | DATE 8/7/98 | SIGNED *(Affiant)* |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* Aug. 7, 1998 | SIGNED *(Type of Commissioner: Commit. Sup. Ct., Notary Pub.)* My Commission Exp. Mar. 31, 2000 |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 8/10/98 | SIGNED *(A Judge of the Superior Court)* |
|---|---|---|

*(OVER)*

**How and Why the Sentences for Promoting Prostitution Were Illegal**

In June of 1994 I plead guilty in New Britain Court and agreed to be sentenced to 2 years (¶s 76 & 85 of the PSR) on July 15, 1994.

Later in June of 1994 I plead guilty to promoting prostitution in Meriden Court (¶s 70, 75, 80, & 81 of the PSR) and the case was continued to July 14, 1994 for sentencing.

On July 14, 1994, Judge Reilly senteced me in the promoting cases to 3 years to run consecutive to the sentence I was serving out of New Britain. However, I wasn't then serving any sentence and Judge Reilly knew it. He called me out of the audience not out of the lock-up. He finished the imposition of the sentence with the words "take him away" to the sheriff.

On July 14, 1994, in accordance with Connecticut law which states that a term of imprisonment begins when the prisoner is received into the custody to which he was sentenced, Judge Reilly's sentence began to run when I was turned over to the department of Corrections (DOC). The DOC correctly calculated my total effective sentence; 3 years.

On July 15, 1994, New Britain sent it's mittimus to the DOC rather than actually sentencing me in court. Since I wasn't there and there was no mention of sentencing me in absentia I'm not sure this was legal. The mittimus gave me 2 years concurrent. The DOC correctly recalculated my sentence based on the papers as still 3 years.

When the prosecutor in the Meriden cases realized the "error" (they seemed to believe I would be serving a total effective sentence of 5 years) rather than appeal (this was still within the 20 day statutory period) they instructed the New Britain Clerk to issue a revised mittimus, making their sentence consecutive. Which the clerk did. This did not go through a judge but even if it had there was no way other than appeal or my escape from custody to stop and restart my sentence. So the New Britain Sentence if it was ever in effect ended at this point.

I found out that this was done over a year later and that my
sentence was now 5 years. I complained to the prison records
clerk, who contacted the Courts. The clerks decided to now
reverse the order of my sentences and get a new mittimus from the
Meriden clerk, which stated my sentence was consecutive to the
and that the Meriden sentence started after New Britains.
New Britain sentence, If my Meriden sentence was ever legal, now
that it was stopped it could not be restarted.

I filed a habeas in federal court and complained.

The State of Connecticut modified my sentence, I believed in the
interest of justice, as long as I withdrew my habeas.

The stipulation attached to the modification was written by the
State. At the end of paragraph 4 they could have simply added "and
release the defendant on probation" if that was the agreement. But
of course I would not have signed it and the habeas would have gone
forward.

Or Judge Dunnell could have given me time served and released me
on probation merely by checking a box on the order, or by bringing
me into court and telling me that she was placing me on probation,
and had me sign terms and conditions of probation.

Even the order states that the 3 year sentence began on "7-14-94".
How could a 3 year sentence that began running on 7-14-94, still
be running on 2/17/98? Only if it was illegally stopped and re-
started.