**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VINCENT WHITELEY | : | CRIMINAL NO. |
| Petitioner | : | 3:00-cr-115 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | FEBRUARY 10, 2006 |
| Respondent. | | |

**RULING ON MOTION TO VACATE SENTENCE [DKT. NO. 76]**

**I.    FACTUAL BACKGROUND**

On May 23, 2001, a federal grand jury returned a two count indictment charging

Vincent Whiteley with conspiracy to violate 18 U.S.C. §§ 1029 (a)(2) and 1029 (c)

between approximately June 1999 and November 1999.  Count Two of the Indictment

alleged that Whiteley violated 18 U.S.C. § 1029 (a) (2) and 18 U.S.C. § 2 during that

same period.  On December 14, 2000, Whiteley pled guilty to Count Two of the

Indictment pursuant to a written plea agreement

On June 8, 2001, this court sentenced Whiteley to 96 months of imprisonment,

three years of supervised release after his discharge from incarceration, and a $100

special assessment.  This court entered judgment on June 13, 2001.

Whiteley filed notice of appeal on June 15, 2001.  The Second Circuit affirmed

Whiteley's sentence on January 29, 2002 and issued a mandate on February 20, 2002.

On January 1, 2003, Whiteley filed a petition seeking to move this court to vacate his

sentence under Section 2255 of Title 28 of the United States Code, which the court

denied on May 10, 2005.  Whiteley filed a motion for reconsideration of the court's May

10, 2005 Ruling, which the court granted.  A hearing to address Whiteley's renewed

1

Motion to Vacate was held on January 31, 2006.

## II.   LEGAL STANDARD

Whiteley moves to vacate, set aside, or correct his sentence pursuant to section

2255 which provides that,

> [a] prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  In general, such a remedy is available "only for constitutional error, a

lack of jurisdiction in the sentencing court, or error of law or fact that constitutes 'a

fundamental defect which inherently results in a complete miscarriage of justice.'"

United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368

U.S. 424, 428 (1962)).  This narrow scope of review is intended to "preserve the finality

of criminal sentences and to effect the efficient allocation of judicial resources."

Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996).  In most circumstances,

prisoners seeking habeas relief must prove not only that constitutional violations

occurred at trial, but also that such errors caused substantial prejudice or a

fundamental miscarriage of justice.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Whiteley moves to vacate his sentence on the basis of ineffective assistance of

counsel, asserting that his trial counsel was ineffective in two different respects at

sentencing.   Therefore, to obtain relief, he must satisfy the two-part test established by

the Supreme Court in Strickland v. Washington 466 U.S. 668 (1984).  Pursuant to

Strickland, Whiteley must show that his counsel's representation "fell below an

objective standard of reasonableness . . . under prevailing professional norms . . . on the facts of the particular case," and "viewed as of the time of counsel's conduct." Strickland 466 U.S. at 668 - 690.  Second, the petitioner must show that counsel's deficient performance caused prejudice to the petitioner, that is, "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

III.    **DISCUSSION**

Whiteley asserts that his trial counsel was ineffective at sentencing because he 1) failed to raise issues concerning the criminal history calculation contained in Whiteley's pre-sentence report ("PSR") and 2) failed to investigate and raise issues related to Whiteley's mental health at sentencing.  The court addresses each assertion in turn.

A)    **Criminal History Calculation**

The PSR utilized at Whiteley's sentencing calculated his offense level at 11 points and his criminal history at 42 points, which, under Category VI of the sentencing table, resulted in a range of 27-33 months under the 1998 United States Sentencing Guidelines.  At sentencing, the court granted the government's motion for an upward departure under section 4A1.3 of the Guidelines, finding that the guideline range did not adequately reflect the size of the defendant's criminal history, his likelihood of recidivism, the similarity between his offenses, the failure of the defendant to be deterred by previous periods of incarceration, and the defendant's commission of the offense while serving probation.  Sentencing Tr., p. 64.  As a result, the court departed

upward to a level 21, Category VI sentence, and imposed a sentence of 96 months upon Whiteley.  Id. at 67.

In his pleadings, Whiteley makes several factual arguments concerning the calculation of the criminal history points that resulted in a criminal history calculation of 42 points.  He argues, for example, that several state convictions should be grouped for sentencing purposes because they were consolidated in state court for trial and sentencing, and that one of the sentences listed in the PSR should not count towards the criminal history calculation because execution of a portion of the sentence had been suspended.  According to Whiteley, his criminal history should reflect a total of 22, not 42, points.

As was addressed at the January 31 hearing, Whiteley's factual assertions are without merit.  The stipulation regarding the sentence addressed in paragraph 70 of Whiteley's PSR did not suspend its execution in it entirety; it only suspended the unexecuted portion of the jail sentence.  Whiteley served approximately three years of the sentence at the time the state sentence was modified, and he served a probationary period after that incarceration.  Therefore, the sentence was appropriately included in the criminal history calculation.   In addition, while several of Whiteley's convictions and sentences were rendered on the same day in state court, Whiteley has not demonstrated that the cases, each of which carry a different state court docket number, were actually "related cases" under the meaning employed in the Guidelines. Moreover, Application Note 3 to section 4A.12 of the 1998 Guidelines counsels against treating Whiteley's convictions as related in this instance.  Thus, Whiteley has not demonstrated that his trial counsel failed to press any meritorious arguments

4

considering his sentence.

More significant, however, is that even if Whiteley was correct in each argument he presses concerning his criminal history calculation, by his own admission his criminal history score would still be 22, and he would consequently still be a Category VI offender, facing the same guidelines sentencing range.  The court further finds that, even if Whiteley's criminal history score were 22 at the time of sentencing, it still would have granted the government's motion for an upward departure.  Whiteley's number of criminal violations, his persistence in engaging in criminal conduct, his failure to be deterred, and his commission of the instant offense while on probation remain the same.  Therefore, because Whiteley has failed to show that, but for counsel's alleged errors, there is a "reasonable probability" that his sentence would have been different, his motion to vacate on the basis of his trial counsel's failure to raise issues concerning the calculation of his criminal history score is denied.  See Strickland, 406 U.S. at 694.

### B. Trial Counsel's Failure to Raise Mental Health Issues at Sentencing

Whiteley also argues that his trial counsel was ineffective for failing to move for a downward departure on the basis of diminished capacity under section 5K2.13 of the Guidelines, or separately on the basis of extraordinary mental and emotional state under 5H1.3 of the Guidelines.  In its May 10, 2006 Ruling on Whiteley's original motion to vacate, the court found that Whiteley failed to show that there was a reasonable probability that the result of his sentencing would have been different had his counsel pursued a downward departure under section 5K2.13 because the record did not demonstrate that Whiteley met several criteria for a departure under that section. 5/10/06 Ruling, p. 6.  The court now finds that Whiteley's motion to vacate on this

5

ground should be denied because Whiteley has also failed to demonstrate that his trial counsel's conduct fell below an objective standard of reasonableness under the first prong of the <u>Strickland</u> test.

At the January 31, 2006 hearing, Whiteley adduced evidence from his trial counsel, Attorneys Bruce Koffsky and Audrey Felsen, and Dr. Vergel del Dios, who had treated Whiteley for mental health issues at the Garner Correctional Institution. Attorneys Koffsky and Felsen testifed that their decision not to pursue downward departures on the basis of mental health issues was a strategic choice made in light of the information available and the predicament Whiteley faced at sentencing. Specifically, Attorney Felsen testified that, given Whiteley's criminal history, and the overwhelming difficulty that Whiteley would face in meeting the criteria for a downward departure, they believed it would be more effective to raise Whiteley's mental health issues in the context of arguing for the appropriateness of a sentence within the initial Guidelines range, and against an upward departure, than arguing for a downward departure.  Attorney Koffsky also testified that this strategy informed his approach to the drafting of the sentencing memorandum that he submitted to the court prior to sentencing.  The strategy is reflected in the sentencing memorandum, which states that, "the defendant's mental condition should be considered when determining an appropriate sentence," notes the diagnosis of Whiteley's bipolar disorder, and reads, in part: "[t]he defendant is not requesting a downward departure based on his mental condition.  Nor is he attempting to deflect responsibility for his role in the crime for which he stands before the court.  Rather, he seeks to provide the Court with background relevant to the Court's determination of an appropriate sentence."  Def's Sent. Memo.,

6

p. 7-8 [Dkt. No. 64].

The record clearly indicates that, although ultimately unsuccessful in its aim, Whiteley's trial counsel's decision not to pursue downward departures was the result of a reasoned approach to Whiteley's sentencing.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995)(quoting Strickland, 466 U.S. at 690); see also United States v. Vegas, 27 F.3d 773, 777 (2d Cir. 1994)(tactical decisions do not fall beneath Strickland competency threshold where the decisions are a matter of reasonable strategy choicemaking).  Because trial counsel's decision not to pursue downward departures on the basis of Whiteley's mental health issues were a reasonable strategy choice, Whiteley cannot satisfy the first prong of Strickland on this claim.

## III.    CONCLUSION

For the foregoing reasons, Whiteley's Motion to Vacate is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of February, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge