UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00CR115(JCH) |
| | : | |
| v. | : | |
| | : | February 28, 2006 |
| VINCENT WHITELEY | : | |

### GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

On February 21, 2006, Vincent Whiteley (the "defendant") filed a Motion for Issuance of Certificate of Appealability.

The Government respectfully requests that the Court deny the defendant's motion for issuance of a certificate of appealability. The Court decided the merits of the defendant's alleged constitutional claims on the merits and a reasonable jurist would not find the Court's assessment of the constitutional claims debatable or wrong.

### I.   PROCEDURAL HISTORY

On June 8, 2001, the Court sentenced the defendant to 96 months of imprisonment after he pleaded guilty to violating 18 U.S.C. § 1029 (fraud in connection with an access device). On June 13, 2001, the Court entered judgment.

The defendant filed notice of appeal on June 15, 2001. The Second Circuit affirmed the defendant's sentence on January 29, 2002 and issued a mandate on February 20, 2002.

On January 23, 2003, the defendant filed a petition pursuant

to 28 U.S.C. § 2255. On July 10, 2003, the Government responded to the defendant's original petition.

The Court subsequently appointed Peter Truebner, Esq., as counsel for the defendant.

On May 9, 2005, the Court issued a ruling denying the defendant's petition. On May 27, 2005, the defendant filed a motion for reconsideration of the Court's ruling. On July 25, the Court orally granted the defendant's motion for reconsideration and established a scheduling order for additional briefing.

On September 1, 2005, the defendant filed a motion to vacate sentence. It principally challengeD trial counsel's failure to seek a downward departure based on the defendant's alleged mental condition as well as the District Court's computation of his criminal history. On October 7, 2005, the Government filed its response.

On approximately October 13, 2005, the Court held a telephone conference during which it questioned defense counsel about the defendant's claimed sentence modification. On approximately November 14, 2005, defense counsel filed documents concerning the sentencing modification, including a Motion for Modification dated December 15, 1997 and a related Stipulation dated February 13, 1998.

On November 22, 2005, the Government filed a response to the defendant's November 14, 2005 filings.

On January 31, 2006, the Court held an evidentiary hearing and oral argument on the defendant's petition. On February 10, 2006, the Court issued a written ruling denying the defendant's petition.

On February 17, 2006, the defendant filed a notice of appeal of the district court's ruling denying his section 2255 claims.

On February 21, 2006, the defendant requested that the Court issue a certificate of appealability. The defendant's request does not directly identify the issues for which the defendant seeks the certificate of appealability other than one issue relating to the computation of his criminal history score. (See Def.'s Mot. at 2.)

**II.   LEGAL DISCUSSION**

28 U.S.C. § 2253 states that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2553(c)(3). See also Slack v. McDaniel, 529 U.S. 473, 483 (2000)("A [certificate of appealability] may not issue unless the applicant has made a substantial showing of the denial of a constitutional right.") "The certificate of appealability under paragraph (1) shall

indicate which specific issue or issues satisfy the showing required under paragaph (2)."  28 U.S.C. § 2253(c)(3).

To obtain a certificate of appealability, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Here, the defendant has made no showing, let alone a substantial one, of a denial of a constitutional right.  Indeed, he cannot do so given the district court's ruling in this matter. In that ruling, the district court noted that the defendant could not meet his burden of demonstrating that certain state convictions were "related" for sentencing guideline purposes and, even assuming that those convictions were related and not counted, the defendant's criminal history score still would have placed him in Criminal History Category VI, as the defendant himself admitted in his pleadings.  The Court also noted that, given the defendant's criminal history, it also still would have departed upward.

Second, after listening to testimony from three witnesses,

including the defendant's counsel at sentencing, and reviewing certain documents introduced during the evidentiary hearing on January 31, 2006, the Court found that sentencing counsels' "decision not to pursue a downward departure on the basis of Whiteley's mental health issues [was] a reasonable strategy choice."

The defendant thus cannot make a substantial showing of a denial of a constitutional right.

**III. CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion for issuance of certificate of appealability.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    JAMES J. FINNERTY
    ASSISTANT UNITED STATES ATTORNEY
    United States Attorney's Office
    United States Courthouse
    915 Lafayette Boulevard
    Bridgeport, CT 06604
    Tel: (203) 696-3000
    Federal Bar No. CT15203

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing has been mailed via First Class Mail, postage prepaid, on February 28, 2006 to:


Peter L. Truebner
Attorney for Petitioner
100 Prospect South (S. Tower)
Stamford, CT 06901


_____
JAMES J. FINNERTY
ASSISTANT UNITED STATES ATTORNEY