UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT WHITELEY | : | CRIMINAL NO. |
|     Petitioner | : | 3:00-cr-115 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | APRIL 3, 2006 |
|     Respondent. | | |

**RULING ON MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY**
**[DOC. NO. 115]**

The plaintiff, Vincent Whiteley, has moved for the issuance of a certificate of appealabilty of the court's February 10, 2006 Ruling denying Whiteley's Motion to Vacate Sentence. In particular, Whiteley argues that, in the record related to his motion to vacate, he has made a "substantial showing of the denial of a constitutional right" with relation to the Court's conclusion that several of Whiteley's state court sentences were not "related" within the meaning of Application Note 3 to section 4A1.2 of the 2001 United States Sentencing Guidelines.

Section 2253 of Title 28 of the United States Code provides that a certificate of appealability may only issue if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his motion to vacate, Whiteley argued that his trial counsel was

constitutionally ineffective.  Under Strickland v. Washington 466 U.S. 668 (1984), Whiteley had the burden of showing that his counsel's representation "fell below an objective standard of reasonableness . . . under prevailing professional norms . . . on the facts of the particular case," and "viewed as of the time of counsel's conduct." Strickland 466 U.S. at 668 - 690.  Second, the petitioner had to show that counsel's deficient performance caused prejudice to the petitioner, that is, "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

In support of his motion to vacate, Whiteley argued that several convictions in Connecticut State Court should have been treated as "related," under Application Note 3 to section 4A1.2 of the 2001 United States Sentencing Guidelines, for purposes of calculating his Criminal History point total.  He also argued that another state court sentence should have been treated as suspended, and that his trial counsel should have pursued a downward departure based on Whiteley's mental health issues.

Whiteley has failed to make a showing of the denial of a constitutional right.  As the court discussed in its February 10, 2006 Ruling, even if Whiteley was correct in every argument he pressed regarding the calculation of his criminal history score, including the argument that the several state court sentences should have been treated as related, Whiteley would still have been a Category VI offender, and he would have faced the same guidelines sentencing range at sentencing.  Furthermore, as the court pointed out, the court would still have granted the government's motion for an upward departure given the "number of criminal violations, his persistence in engaging in criminal conduct, his failure to be deterred, and his commission of the instant offence

while on probation." Ruling, p. 5.   Therefore, Whiteley has failed to show that reasonable jurists could disagree about Whiteley's failure to satisfy the second prong of the <u>Strickland</u> test, i.e., that but for the alleged errors, the results of the proceeding would have been different.

Whiteley has also failed to demonstrate that reasonable jurists would find it debatable that his trial counsel's decision not to pursue downward departures on the basis of mental health issues was ineffective.  As discussed in the court's prior ruling, the only conclusion that could be drawn from the record is that the trial counsel's decision not to pursue downward departures was the result of a reasoned strategy choice.  Ruling, p. 6-7.

Accordingly, Whiteley's motion for the issuance of a certificate of appealability is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of April, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge